# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARA GREENSTEIN<br>1851 Southwest 75th Avenue<br>Plantation, FL 33317,<br><br>individually and on behalf of all those similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION<br>1680 Capital One Dr.<br>Mc Lean, VA 22102,<br><br>CAPITAL ONE, N.A.<br>1680 Capital One Dr.<br>Mc Lean, VA 22102, and<br><br>CAPITAL ONE BANK (USA), N.A.,<br>4851 Cox Road<br>Glen Allen, VA, 23060,<br><br>      Defendants. | Civil Action No. 19-2307<br><br>**COMPLAINT and<br>DEMAND FOR JURY TRIAL** |

Plaintiff Lara Greenstein ("Plaintiff"), individually and on behalf of all others similarly situated, through the undersigned counsel, hereby alleges the following, against Defendants Capital One Financial Corporation, Capital One, N.A., and Capital One Bank (USA), N.A. (collectively, "Capital One" or "Defendants"). Based upon personal knowledge, information, belief, and investigation of counsel, Plaintiff specifically alleges as follows:

## SUMMARY OF THE CASE

1.      Plaintiff brings this action on behalf of a nationwide class against Defendants because of their failure to protect the confidential information of millions of consumers and small businesses – including financial information (*e.g.*, bank account numbers, fragments of

transaction history, self-reported income, and credit scores), and/or personal information (*e.g.*, Social Security Numbers, names, addresses, phone numbers, email addresses, and dates of birth) (collectively, their "Sensitive Information"). Defendants' wrongful disclosure (the "Data Breach") has harmed Plaintiff and the Class, believed to include approximately 106 million card customers and applicants.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) in that: (1) this is a class action involving more than 1,000 class members; (2) minimal diversity is present as Plaintiff is a citizen of Florida (and the proposed class members are from various states), while Defendants are citizens of Virginia; and (3) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

3.      This Court has personal jurisdiction over Defendants because Defendants conduct business in and throughout the District of Columbia, and the wrongful acts alleged in this Complaint were committed in the District of Columbia, among other venues.

4.      Venue is proper in this District pursuant to: (1) 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and (2) 28 U.S.C. § 1391(b)(3) in that Defendants are subject to personal jurisdiction in this District.

## PARTIES

5.      Plaintiff Lara Greenstein is an individual residing in Plantation, FL, who has been a credit card customer for Capital One and whose Sensitive Information, on information and belief, was compromised in the Data Breach described herein.

6.     Defendant Capital One Financial Corporation is a Delaware corporation with its principal place of business in McLean, Virginia.

7.     Defendant Capital One, N.A., is a national bank with its principal place of business in McLean, Virginia. Defendant Capital One, N.A. is a wholly-owned subsidiary of Capital One Financial Corporation.

8.     Defendant Capital One Bank (USA), N.A., is a national bank with its principal place of business in Glen Allen, Virginia. Defendant Capital One Bank (USA), N.A. is a wholly-owned subsidiary of Capital One Financial Corporation.

## FACTUAL BACKGROUND

9.     Defendant Capital One Financial Corporation, through its subsidiaries, including Defendants Capital One, N.A., and Capital One Bank (USA), N.A., is one of the largest credit-card issuers in the United States, and one of the top 10 largest banks based on deposits, serving approximately 45 million customer accounts.

10.     On July 29, Capital One publicly announced the following:

> [O]n July 19, 2019, it determined there was unauthorized access by an outside individual who obtained certain types of personal information relating to people who had applied for its credit card products and to Capital One credit card customers . . . . Based on our **analysis to date**, this event affected approximately 100 million individuals in the United States and approximately 6 million in Canada.
> . . .
> The largest category of information accessed was information on consumers and small businesses as of the time they applied for one of our credit card products from 2005 through early 2019.[1]

11.     Capital One further disclosed that the breached Sensitive Information included:

---

[1] *Capital One Announces Data Security Incident*, Capital One, http://phx.corporate-ir.net/phoenix.zhtml?c=70667&p=irol-newsArticle_Print&ID=2405042 (emphasis added).(last accessed July 29, 2019).

a.  Personal information, including names, addresses, zip codes/postal codes, phone numbers, email addresses, dates of birth, and self reported income;

b.  Customer status data, *e.g.,* credit scores, credit limits, balances, payment history, contact information;

c.  Fragments of transactional data from a total of 23 days during 2016, 2017, and 2018;

d.  About 140,000 Social Security numbers of its credit card customers; and

e.  About 80,000 linked bank account numbers of its secured credit card customers.

12.    The Data Breach that had occurred on March 22 and 23, 2019, was discovered by Defendants only in July 19, 2019 and publicly disclosed on July 29, 2019, over four months after the Sensitive Information of over 100 million customers and credit card applicants were breached. Defendants apparently continued to allow the hacker to intrude their systems at least until April 21, 2019.

13.    Defendants only discovered the Data Breach after an individual previously unknown to Capital One sent the following email to Capital One providing a link to a file containing the leaked Sensitive Information. The file provided in the link, which was timestamped April 21, 2019, also contained code for commands used in the intrusion, as well as a list of more than 700 folders or buckets of data.



14.    Defendants had obligations, arising from promises made to its credit card applicants and customers like Plaintiff and other Class Members, and based on industry standards, to keep the Sensitive Information confidential and to protect it from unauthorized disclosures. Class Members provided their Sensitive Information to Capital One with the understanding that Capital One and any business partners to whom Capital One disclosed the Sensitive Information would comply with their obligations to keep such information confidential and secure from unauthorized disclosures.

15.    Capital One promises customers that it will keep their Sensitive Information confidential, assuring customers on its credit card applications explicitly that "Capital One uses 256-bit Secure Sockets Layer (SSL) technology. This means that when you are on our website, the data transferred between Capital One and you is encrypted and **cannot be viewed by any other party.**"[2]

16.    In addition, Capital One understood the importance of the security and confidentiality of Sensitive Information, and promised the public that "Capital One understands how important security and confidentiality are to our customers, so we use the following security

---

[2] *See e.g.,* Application for Venture Credit Card, https://applynow.capitalone.com/?productId=6691 (last visited July 29, 2019) (emphasis added).

techniques, which comply with or even exceed federal regulatory requirements to protect information about you . . . ."[3] Capital One further states that "When we collect personal information from you, we can use it protect you and your family from identity theft, fraud, and unauthorized access to personal information about you."[4]

17.    Defendants' security failures demonstrate that they failed to honor their duties and promises by not:

  a. maintaining an adequate data security system to reduce the risk of data breaches and cyber-attacks;

  b. adequately monitoring its system to identify the data breaches and cyber-attacks; and

  c. adequately protecting Plaintiff's and the Class's Sensitive Information.

18.    Plaintiff and other Class Members have been injured by the disclosure of their Sensitive Information in the Data Breach.

19.    Defendants' data security obligations and promises were particularly important given the substantial increase in data breaches, which were widely known to the public and to anyone in Defendants' industries.

20.    Defendants had ample warnings of weaknesses and risks to its systems, as they have had multiple security breaches in the past. On or about January 2018, Capital One suffered a data breach that compromised 50GB worth of sensitive data that contained highly sensitive information that put Capital One's network at significant risk. In addition, Defendants have issued formal letters to an undisclosed number of their customers informing that their personal

---

[3] https://www.capitalone.com/identity-protection/privacy/faq

[4] *Id.*

information may have been breached, in numerous other occasions including the letters issued on or about November 2014, July 28, 2017, July 31, 2017, and September 12, 2017.

21.    Richard E. Fairbank, CEO of Capital One, himself has been critical of other companies' data breaches. At the time of the Equifax data breach, Fairbank stated, "[a] lot of people are going to have to live the pain of this."

22.    The United States Government Accountability Office noted in a June 2007 report on Data Breaches ("GAO Report") that identity thieves use identifying data such as Social Security Numbers to open financial accounts, receive government benefits and incur charges and credit in a person's name.[5] As the GAO Report states, this type of identity theft is the most harmful because it often takes some time for the victim to become aware of the theft, and the theft can impact the victim's credit rating adversely.

23.    In addition, the GAO Report states that victims of identity theft will face "substantial costs and inconveniences repairing damage to their credit records" and their "good name."[6]

24.    Identity theft victims frequently are required to spend many hours and large amounts of money repairing the impact to their credit. Identity thieves use stolen personal information such as social security numbers ("SSNs") for a variety of crimes, including credit card fraud, phone or utilities fraud, and/or bank/finance fraud.

25.    There may be a time lag between when Sensitive Information is stolen and when it is used. According to the GAO Report:

---

[5] *See* U.S. Gov't Accountability Off., GAO-07-737, *Personal Information: Data Breaches Are Frequent, but Evidence of Resulting Identity Theft is Limited; However, the Full Extent Is Unknown* (2007).

[6] *Id.,* at 2, 9.

> [L]aw enforcement officials told us that in some cases, *stolen data may be held for up to a year or more before being used to commit identity theft*. Further, once stolen data have been sold or posted on the Web, *fraudulent use of that information may continue for years*. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[7]

26.    With access to an individual's Sensitive Information, criminals can do more than just empty a victim's bank account—they can also commit all manner of fraud, including: obtaining a driver's license or official identification card in the victim's name but with the thief's picture; using the victim's name and SSN to obtain government benefits; or, filing a fraudulent tax return using the victim's information. In addition, identity thieves may obtain a job using the victim's SSN, rent a house, or receive medical services in the victim's name. Identity thieves may even give the victim's personal information to police during an arrest, resulting in an arrest warrant being issued in the victim's name.[8]

27.    Sensitive Information is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the "cyber black-market" for years. As a result of recent large-scale data breaches, identity thieves and cyber- criminals have openly posted stolen credit card numbers, SSNs, and other Sensitive Information directly on various Internet websites making the information publicly available.

28.    Indeed, data breaches and identity theft have a crippling effect on individuals and detrimentally impact the entire economy as a whole. Financial databases are especially valuable to identity thieves.

---

[7] *Id.*, at 29 (emphasis added).

[8] *See Warning Signs of Identity Theft*, Federal Trade Commissions, https://www.identitytheft.gov/Warning-Signs-of-Identity-Theft (last accessed July 29, 2019).

29.    Reactions to the Data Breach reflect the severity and the breadth of the adverse impact on the American public. Senator Ron Wyden of Oregon stated that, "I'm sick of waking up to headlines revealing that millions of Americans had their information stolen because a billion-dollar company failed Cybersecurity 101. Corporations will only take Americans' privacy seriously when CEOs are held personally accountable."

30.    Senator Sherrod Brown of Ohio, the ranking member of the Senate Banking Committee, stated that he would support his committee holding hearings to investigate the incident. Senator Brown further stated, "I support making them responsible and hopefully more contrite than Equifax was."

31.    Senate Banking Committee Chairman Mike Crapo of Idaho said "I have concerns about all aspects of this. We want to understand how this happened, how other breaches happened ... and we want to know how vulnerabilities [appear] in systems and figure out what we must do to deal with them at a policy level."

32.    Congresswoman Ayanna Pressley of Massachusetts stated, "Time and time again, companies compromise on #privacy and #data protection, and consumers pay the price. It's like #Equifax never happened. #capitalone."

33.    Connecticut Attorney General William Tong stated, "As we saw with Equifax, failure to properly secure personal information has consequences — for both consumer victims and corporations. When corporations fail to take reasonable security measures, they must be held accountable. My office has initiated a review of the circumstances of this latest breach and is prepared to take action if warranted."

34.    New York Attorney General Letitia James stated, "My office will begin an immediate investigation into Capital One's breach, and will work to ensure that New Yorkers

who were victims of this breach are provided relief. We cannot allow hacks of this nature to

become everyday occurrences."

## CLASS ALLEGATIONS

35.     In accordance with Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiff

brings this case as a class action on behalf of a Class defined as follows:

> All persons in the United States whose Sensitive Information was
> maintained on the servers of Capital One and the cloud computing
> company used by Capital One that were compromised as a result of
> the breach announced by Capital One on or around July 29, 2019.

36.     The Class is so numerous that joinder of all members is impracticable. On

information and belief, the Class has more than 106 million members. Moreover, the disposition

of the claims of the Class in a single action will provide substantial benefits to all parties and the

Court.

37.     There are numerous questions of law and fact common to Plaintiff and Class

Members. These common questions of law and fact include, but are not limited to, the following:

a.   Whether Defendants' data security systems prior to the Data Breach complied

with all applicable legal requirements;

b.    Whether Defendants' data security systems prior to the Data Breach met industry

standards;

c.    Whether Plaintiff's and other Class members' Sensitive Information was

compromised in the Data Breach; and

d.    Whether Plaintiff and other Class members are entitled to damages as a result of

Defendant's conduct.

10

38.     Plaintiff's claims are typical of the claims of the Class's claims. Plaintiff suffered the same injury as Class Members – *i.e.* upon information and belief, Plaintiff's Sensitive information was compromised in the Data Breach.

39.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including data breach class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

40.     Defendants have engaged in a common course of conduct toward Plaintiff and other Class Members. The common issues arising from this conduct that affect Plaintiff and Class Members predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

41.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class Members' interests in individually controlling the prosecution of separate actions are low given the magnitude, burden, and expense of individual prosecutions against large corporations such as Defendants. It is desirable to concentrate this litigation in this forum to avoid burdening the courts with individual lawsuits. Individualized litigation presents a potential for inconsistent or contradictory judgments, and also increases the delay and expense to all parties and the court system presented by the legal and factual issues of this case. By contrast, the class action procedure here will have no management difficulties. Defendants' records and the records available publicly will easily identify the Class Members. The same common documents and testimony will be used to prove Plaintiff's claims.

42.     A class action is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to Class Members, so that final injunctive relief or corresponding declaratory relief is appropriate as to all Class Members.

### FIRST COUNT
**Negligence**

43.     Plaintiff realleges and incorporates by reference all preceding factual allegations.

44.     Capital One required Plaintiff and Class Members to submit non-public Sensitive Information to apply for a credit card.

45.     By collecting and storing this data, and sharing it and using it for commercial gain, Defendants had a duty of care to use reasonable means to secure and safeguard this Sensitive Information, to prevent disclosure of the information, and to guard the information from theft.

46.     Defendants' duty included a responsibility to implement a process by which they could detect a breach of their security systems in a reasonably expeditious period of time and give prompt notice to those affected in the case of a data breach.

47.     Defendants also owed a duty of care to Plaintiff and members of the Class to provide security consistent with industry standards and the other requirements discussed herein, and to ensure that their systems and networks—and the personnel responsible for them adequately protected their potential customers' and customers' Sensitive Information.

48.     Only Defendants were in a position to ensure that their systems were sufficient to protect against the harm to Plaintiff and the members of the Class from a data breach.

49.     Defendants breached their duty by failing to use reasonable measures to protect Plaintiff's and Class Members' Sensitive Information.

50.     The specific negligent acts and omissions committed by Defendants include, but are not limited to, the following:

  a. failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff's and Class Members' Sensitive Information;

  b. failing to adequately monitor the security of their networks and systems;

  c. allowing unauthorized access to Plaintiff's and Class Members' Sensitive Information; and

  d. failing to recognize in a timely manner that Plaintiff's and other Class Members' Sensitive Information had been compromised.

51.     It was foreseeable that Defendants' failure to use reasonable measures to protect and monitor the security of Sensitive Information would result in injury to Plaintiff and other Class Members. Further, the breach of security, unauthorized access, and resulting injury to Plaintiff and the members of the Class were reasonably foreseeable.

52.     It was therefore foreseeable that the failure to adequately safeguard Sensitive Information would result in one or more of the following injuries to Plaintiff and the members of the proposed Class: ongoing, imminent, certainly impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; loss of the confidentiality of the stolen confidential data; the illegal sale of the compromised data on the deep web black market; expenses and/or time spent on credit monitoring and identity theft insurance; time spent scrutinizing bank statements, credit card statements, and credit reports; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic harm.

53.     Accordingly, Plaintiff, individually and on behalf of all those similarly situated, seeks an order declaring that Defendants' conduct constitutes negligence and awarding damages in an amount to be determined at trial.

## SECOND COUNT
### Negligence Per Se

54.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

55.     Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, prohibits "unfair . . . practices in or affecting commerce" including, as interpreted and enforced by the Federal Trade Commission ("FTC"), the unfair act or practice by companies such as Capital One of failing to use reasonable measures to protect Personal Information. Various FTC publications and orders also form the basis of Capital One's duty.

56.     Capital One violated Section 5 of the FTC Act (and similar state statutes) by failing to use reasonable measures to protect Personal Information and not complying with industry standards.

57.     Capital One's violation of Section 5 of the FTC Act (and similar state statutes) constitutes negligence per se.

58.     Class members are consumers within the class of persons Section 5 of the FTC Act (and similar state statutes) was intended to protect.

59.     Moreover, the harm that has occurred is the type of harm the FTC Act (and similar state statutes) was intended to guard against. Indeed, the FTC has pursued over fifty enforcement actions against businesses which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm suffered by Plaintiff and the Class.

60.    As a direct and proximate result of Capital One's negligence, Plaintiff and Class members have been injured and are entitled to damages, including compensatory, punitive, and nominal damages, in an amount to be proven at trial.

## THIRD COUNT
**Breach of Implied Contract**

61.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

62.    When Plaintiff and Class members paid money and provided their Sensitive Information to Defendants in exchange for services, they entered into implied contracts with Defendants pursuant to which Defendants agreed to safeguard and protect such information and to timely and accurately notify them if their data had been breached and compromised.

63.    Defendants solicited and invited prospective clients and other consumers to provide their Sensitive Information as part of its regular business practices. These individuals accepted Defendants' offers and provided their Sensitive Information to Defendants. In entering into such implied contracts, Plaintiff and the Class assumed that Defendants' data security practices and policies were reasonable and consistent with industry standards, and that Defendants would use part of the funds received from Plaintiff and the Class to pay for adequate and reasonable data security practices.

64.    Plaintiff and the Class would not have provided and entrusted their Sensitive Information to Defendants in the absence of the implied contract between them and Defendants to keep the information secure.

65.    Plaintiff and the Class fully performed their obligations under the implied contracts with Defendants.

66.     Defendants breached their implied contracts with Plaintiff and the Class by failing to safeguard and protect their Sensitive Information and by failing to provide timely and accurate notice that their personal information was compromised as a result of a data breach.

67.     As a direct and proximate result of Defendants' breaches of their implied contracts, Plaintiff and the Class sustained actual losses and damages as described herein.

**FOURTH COUNT**
**District Of Columbia Consumer Security Breach Notification Act,**
**D.C. Code §§ 28-3851, *et seq*.**

68.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

69.     Capital One is a business that owns or licenses computerized data that includes "personal information," as defined by D.C. Code § 28-3852(a).

70.     Plaintiff and Class Members' Sensitive Information includes "personal information" as defined by D.C. Code § 28-3851(3).

71.     Capital One is required to accurately notify Plaintiff and Class Members if it becomes aware of a breach of its data security system in the most expedient time possible and without unreasonable delay under D.C. Code § 28-3852(a).

72.     Because Capital One was aware of a breach of its security system, Capital One had an obligation to disclose the data breach in a timely and accurate fashion as mandated by D.C. Code § 28-3852(a).

73.     By failing to disclose the Data Breach in a timely and accurate manner, Capital One violated D.C. Code § 28-3852(a).

74.     As a direct and proximate result of Capital One's violations of D.C. Code § 28-3852(a), Plaintiff and Class Members suffered damages, as described above.

75.     Plaintiff and Class Members seek relief under D.C. Code § 28-3853(a), including actual damages.

## FIFTH COUNT
### District Of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3904, et seq.

76.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

77.     Capital One is a "person" as defined by D.C. Code § 28-3901(a)(1).

78.     Capital One is a "merchant" as defined by D.C. Code § 28-3901(a)(3).

79.     Plaintiff and Class Members are "consumers" who purchased or received goods or services for personal, household, or family purposes, as defined by D.C. Code § 28-3901.

80.     Capital One advertised, offered, or sold goods or services in the District of Columbia and engaged in trade or commerce directly or indirectly affecting the people of the District of Columbia.

81.     Capital One engaged in unfair, unlawful, and deceptive trade practices, misrepresentations, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of goods and services in violation of D.C. Code § 28-3904, including:

   a.   Representing that goods or services have characteristics that they do not have;

   b.   Representing that goods or services are of a particular standard, quality, grade, style, or model, when they are of another;

   c.   Misrepresenting a material fact that has a tendency to mislead;

   d.   Failing to state a material fact where the failure is misleading;

   e.   Advertising or offering goods or services without the intent to sell them as advertised or offered; and

f.  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

82.  Capital One's unfair, unlawful, and deceptive trade practices include:

a.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff and Class Members' Sensitive Information, which was a direct and proximate cause of the Data Breach;

b.  Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Class Members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Data Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiff and Class Members' Sensitive Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Class Members' Sensitive Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff and Class Members' Sensitive Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Class Members' Sensitive Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

83.  Capital One's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Capital One's data security and ability to protect the confidentiality of consumers' Personal Information.

84.  Capital One intended to mislead Plaintiff and Class Members and induce them to rely on its misrepresentations and omissions.

85.  The above unfair and deceptive practices and acts by Capital One were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff and Class Members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

86.  Capital One acted intentionally, knowingly, and maliciously to violate the District of Columbia's Consumer Protection Procedures Act, and recklessly disregarded Plaintiff's and Class Members' rights.

87.  As a direct and proximate result of Capital One's unfair, unlawful, and deceptive trade practices, Plaintiff and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including loss of the benefit of their bargain with Capital One as they would not have paid Capital One for goods and services or would have paid less for such goods and services but for Capital One's violations alleged herein; losses from fraud and identity theft; costs for credit monitoring and identity protection services; time and expenses related to monitoring their financial accounts for

19

fraudulent activity; time and money spent cancelling and replacing passports; loss of value of

their Sensitive Information; and an increased, imminent risk of fraud and identity theft.

88.    Plaintiff and Class Members seek all monetary and non-monetary relief allowed

by law, including actual damages, restitution, injunctive relief, punitive damages, attorneys' fees

and costs, the greater of treble damages or $1,500 per violation, and any other relief that the

Court deems proper.

## SIXTH COUNT
### Violation of New York General Business Law § 349

89.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if

fully set forth herein.

90.    Capital One, while operating in New York, engaged in deceptive acts and

practices in the conduct of business, trade and commerce, and the furnishing of services, in

violation of N.Y. Gen. Bus. Law § 349(a). This includes but is not limited to the following:

a.    Capital One failed to enact adequate privacy and security measures to

protect the Class Members' Sensitive Information from unauthorized disclosure,

release, data breaches, and theft, which was a direct and proximate cause of the

Data Breach;

b.    Capital One failed to take proper action following known security risks and prior

cybersecurity incidents, which was a direct and proximate cause of the Data

Breach;

c.    Capital One knowingly and fraudulently misrepresented that it would maintain

adequate data privacy and security practices and procedures to safeguard the

Sensitive Information from unauthorized disclosure, release, data breaches, and

theft;

d.  Capital One omitted, suppressed, and concealed the material fact of its reliance on, and inadequacy of, its vendor's security protections;

e.  Capital One knowingly and fraudulently misrepresented that it would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Sensitive Information; and

f.  Capital One failed to disclose the Data Breach to the victims in a timely and accurate manner, in violation of the duties imposed by, *inter alia*, N.Y. Gen Bus. Law § 899-aa(2).

91.   As a direct and proximate result of Capital One's practices, Plaintiff and other Class Members suffered injury and/or damages, including but not limited to time and expenses related to monitoring their financial and medical accounts for fraudulent activity, an increased, imminent risk of fraud and identity theft, and loss of value of their Sensitive Information.

92.   The above unfair and deceptive acts and practices and acts by Capital One were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff and other Class Members that they could not reasonably avoid, which outweighed any benefits to consumers or to competition.

93.   Capital One knew or should have known that its vendor's computer systems and data security practices were inadequate to safeguard Sensitive Information entrusted to it, and that risk of a data breach or theft was highly likely. Capital One's actions in engaging in the above-referenced unfair practices and deceptive acts were negligent, knowing and willful.

94.   Plaintiff seeks relief under N.Y. Gen. Bus. Law § 349(h), including but not limited to actual damages (to be proven at trial), treble damages, statutory damages, injunctive relief,

and/or attorney's fees and costs. The amount of such damages is to be determined at trial but will not be less than $50.00 per violation. *Id.*

95.    Plaintiff and Class Members seek to enjoin such unlawful deceptive acts and practices described above. Each Class Member will be irreparably harmed unless the Court enjoins Capital One's unlawful, deceptive actions in that Capital One will continue to fail to protect Sensitive Information entrusted to it, as detailed herein.

96.    Plaintiff and Class Members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief prohibiting Capital One from continuing to disseminate its false and misleading statements, and other relief allowable under N.Y. Gen. Bus. Law § 349.

## <u>SEVENTH COUNT</u>
### Violation of the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq., Fla. Stat. ("FDUTPA")

97.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

98.    Plaintiff is a "consumer" who applied for and received a Capital One payment card. *See* § 501.203(7), Fla. Stat.

99.    The FDUTPA prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204, Fla. Stat.

100.    Capital One, by failing to inform consumers (including Plaintiff and Class Members) of its unsecure, non-compliant, and otherwise insufficient data and information security practices, advertised, sold, serviced, and otherwise induced those consumers to purchase goods and services from Capital One.

101.    Capital One knew or should have known that its computer systems and data security practices were inadequate to safeguard Plaintiff's and Class Members' Sensitive Information, and that the risk of a data breach was highly likely.

102.    Capital One should have disclosed this information regarding its computer systems and data security practices because Capital One was in a superior position to know the facts related to its defective data security.

103.    Florida law requires notification of data breaches upon identification. Capital One identified the Data Breach no later than July 19, 2019, but only notified consumers on July 29, 2019, and therefore left those consumers at risk for the period in between discovery and notification.

104.    Capital One's failures constitute false and misleading representations, which have the capacity, tendency, and effect of deceiving or misleading consumers (including Plaintiff and Class Members) regarding the security of its network and aggregation of Sensitive Information.

105.    The representations upon which consumers (including Plaintiff and Class Members) relied were material representations (*e.g.*, as to Capital One's adequate protection of Sensitive Information), and consumers (including Plaintiff and Class Members) relied on those representations to their detriment.

106.    Capital One employed these false representations to promote the sale of a consumer good or service, which Plaintiff and Class Members purchased.

107.    As a direct and proximate result of Capital One's unconscionable, unfair, and deceptive acts or practices, Plaintiff and Class Members have suffered and will continue to suffer injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and damages as prescribed by § 501.211(2), Fla. Stat., including attorneys' fees.

## EIGHTH COUNT
### Violation of California Unfair Competition Act, Cal. Bus. & Prof. Code § 17200, *et. seq.*

108.    Plaintiff realleges and incorporates by reference all preceding factual allegations.

109.    Capital One's actions as described herein constitute unfair competition within the meaning of the California Unfair Competition Law ("UCL"), insofar as the UCL prohibits "any unlawful, unfair or fraudulent business act or practice."

110.    Capital One's conduct as alleged herein constitutes unlawful, unfair, and fraudulent business practices in that they deceived the Plaintiff and Class Members into believing their Sensitive Information would be protected by reasonable, industry-standard data security measures.

111.    Capital One's conduct constitutes an "unlawful" business practice within the meaning of the UCL because it violates the California Customer Records Act, Cal. Civ. Code § 17980.80 *et seq.*, and other statutes requiring adequate data security to protect Sensitive Information such as that which was compromised in the Data Breach.

112.    Capital One's conduct constitutes an "unfair" business practice within the meaning of the UCL because it is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers.

113.    As a direct and proximate result of Capital One's wrongful business practices in violation of the UCL, Plaintiff and Class Members have suffered injury in fact and lost money or property as a result of purchasing services from Capital One. Plaintiff and Class Members would not have purchased or paid as much for services from Capital One had they known the truth about its data security.

114.    Capital One's wrongful business practices constitute a continuing course of conduct of unfair competition since Capital One continues to employ deficient data security measures.

115.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the  Class Members seek an order of this Court enjoining Capital One from continuing to engage in unlawful, unfair, and fraudulent business practices and any other act prohibited by law, including those set forth in this Complaint. Plaintiff and the  Class Members also seek an order requiring Capital One to make full restitution of all moneys it wrongfully obtained from the Plaintiff and the Class.

116.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and  Class Members seek an injunction enjoining Capital One from continuing to employ deficient data security.

### NINTH COUNT
**Violation of the California Customer Records Act, Cal. Civil Code §§ 1798.81.5 & 1798.82**

117.    Plaintiff realleges and incorporates by reference each of the allegations set forth above.

118.    "[T]o ensure that personal information about California residents is protected," the California legislature enacted Civil Code section 1798.81.5, which requires that any business that "owns or licenses personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

119.    The Sensitive Information taken in the Data Breach fits within the definition of "Personal information" in Civil Code section 1798.80.

120.     Plaintiff and other Class Members provided their personal information to Capital One in order to apply for payment cards. These consumers qualify as "Customer[s]" as defined in Civil Code section 1798.80.

121.     By failing to implement reasonable measures to protect the Sensitive Information in its possession, Capital One violated Civil Code section 1798.81.5.

122.     In addition, by failing to promptly notify all who were affected by the Data Breach that their Sensitive Information had been acquired (or was reasonably believed to have been acquired) by hackers, Capital One violated Civil Code Section 1798.82.

123.     As a direct or proximate result of Capital One's violations of Civil Code Sections 1798.81, 1798.81.5, and 1798.82, Plaintiff and Class Members were (and continue to be) injured and have suffered (and will continue to suffer) the damages described in this Complaint.

124.     Capital One's violations of Civil Code Sections 1798.81, 1798.81.5, and 1798.82 were, at a minimum, reckless.

125.     In addition, by violating Civil Code Sections 1798.81, 1798.81.5, and 1798.82, Capital One "may be enjoined" under Civil Code Section 1798.84(e).

126.     Capital One's violations of Civil Code Section 1798.81.5 and 1798.82 also constitute unlawful acts or practices under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., which affords the Court discretion to enter whatever orders may be necessary to prevent future unlawful acts or practices.

127.     Plaintiff accordingly requests that the Court enter an injunction requiring Capital One to implement and maintain reasonable security procedures, including, but not limited to: (1) ordering that Capital One utilize strong industry standard encryption algorithms for encryption keys that provide access to stored Sensitive Information; (2) ordering that Capital One

implement the use of encryption keys in accordance with industry standards; (3) ordering that Capital One, consistent with industry standard practices, engage third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests and audits on systems belonging to Capital One and all others with whom it shares Sensitive Information, on a periodic basis; (4) ordering that Capital One engage third-party security auditors and internal personnel, consistent with industry standard practices, to run automated security monitoring; (5) ordering that Capital One audit, test and train its security personnel regarding any new or modified procedures; (6) ordering that Capital One, consistent with industry standard practices, segment consumer data by, among other things, creating firewalls and access controls so that if one area of Capital One's computer system is compromised, hackers cannot gain access to other portions of its systems; (7) ordering that Capital One purge, delete, destroy in a reasonable secure manner Sensitive Information no longer necessary; (8); ordering that Capital One, consistent with industry standard practices, conduct regular database scanning and security checks; (9) ordering that Capital One, consistent with industry standard practices, periodically conduct internal training and education to teach internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; and (10) ordering that Capital One implement industry best practices for data security systems.

128.    Plaintiff further requests that the Court require Capital One to identify and notify all Class Members who have not yet been informed of the Data Breach.

129.    Plaintiff and Class Members are entitled to actual damages in an amount to be determined at trial under Civil Code Section 1798.84.

130.    Plaintiff and Class Members also are entitled to an award of attorney fees and costs under Civil Code Section 1798.84.

WHEREFORE, Plaintiff and Class Members demand judgment as follows:

A.    Certification of the action as a Class Action pursuant to Federal Rule of Civil Procedure 23, and appointment of Plaintiff as Class Representative and her counsel of record as Class Counsel;

B.    That acts alleged herein be adjudged and decreed to constitute negligence and amount to violations of the consumer protection laws of Connecticut, and other states;

C.    Judgment against Defendants for the damages sustained by Plaintiff and the Class defined herein, and for any additional damages, penalties, and other monetary relief provided by applicable law;

D.    By awarding Plaintiff and Class Members pre-judgment and post-judgment interest as provided by law, and that such interest be awarded at the highest legal rate from and after the date of service of the Complaint in this action;

E.    The costs of this suit, including reasonable attorney fees; and

F.    Such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: August 1, 2019                              Respectfully submitted,

                                                   */s/ Linda P. Nussbaum*
                                                   Linda P. Nussbaum (D.C. Bar # 483254)
                                                   Bart D. Cohen
                                                   NUSSBAUM LAW GROUP, P.C.
                                                   1211 Avenue of the Americas, 40th Floor
                                                   New York, NY 10036-8718
                                                   (917) 438-9189
                                                   lnussbaum@nussbaumpc.com
                                                   bcohen@nussbaumpc.com

                                                   Michael E. Criden
                                                   Lindsey C. Grossman
                                                   CRIDEN & LOVE, P.A.
                                                   7301 SW 57th Court, Ste. 515
                                                   South Miami, FL 33143
                                                   (305) 357-9000
                                                   mcriden@cridenlove.com
                                                   lgrossman@cridenlove.com

                                                   Adam Frankel
                                                   GREENWICH LEGAL ASSOCIATES, LLC
                                                   881 Lake Avenue
                                                   Greenwich, CT 06831
                                                   (203) 622-6001
                                                   adam@grwlegal.com

                                                   *Counsel for Plaintiff and the*
                                                   *Proposed Class*